UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS LEE GOLIDAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-01642-JPH-CSW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### *CASTRO* NOTICE

**I.**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "[A]ny paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255, without regard to its caption or other details." *Ellzey v. United States*, 324 F.3d 521, 524 (7th Cir. 2003) (citing cases). The Court determined that the filing of Mr. Goliday's motion to correct error seeks relief within the scope of § 2255. That document has been processed accordingly.

**II.**

Because the petitioner's post-judgment motion in his criminal case was treated as a § 2255 motion, he is entitled to notice of the treatment and notice that his ability to file any subsequent motion pursuant to § 2255 is restricted.

1

He must also be afforded the opportunity to withdraw or amend the motion to include all § 2255 claims which he believes he has. *Castro v. United States*, 540 U.S. 375, 383 (2003). This is because a petitioner seeking relief pursuant to § 2255 must set forth all claims and grounds on which he or she seeks relief. If he does not do so, he will likely not be able to bring those claims in a future § 2255 motion. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("[S]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)").

### III.

This Order provides the petitioner with his notice of the treatment of his post-judgment filing and his opportunity to withdraw or amend the motion. He shall have **through December 4, 2024** in which to: (1) **file an amended motion** which contains a complete statement of the claims and grounds on which he could and does challenge his conviction, and/or sentence; (2) **withdraw** such motion insofar as it could be thought to seek relief authorized by 28 U.S.C. § 2255; or (3) **notify** the Court that the filing of his motion to correct error does constitute a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence. He is reminded that a § 2255 motion, among other things, must be "signed under penalty of perjury by the movant or by a person authorized to sign it for the

movant."  Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

If he does not take one of these steps by **December 4, 2024**, the motion will be treated as a § 2255 motion and the case will proceed.  The **clerk shall include** a form § 2255 motion with the petitioner's copy of this Order.

**SO ORDERED.**

Date: 11/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

THOMAS LEE GOLIDAY
19191-075
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105